## Frankil v. Frankil.

*Clinton O. Mayer* and *B. A. Magaziner,* for plaintiff.
*Judah Zelitch,* for defendant.

ALESSANDRONI, J., January 20, 1931.—The plaintiff's petition recited that judgment was entered against Samuel Frankil, the defendant, in the sum of $3782.20, and an attachment sur judgment issued attaching all the goods, chattels, rights and credit of the defendant in the hands of The Pennsylvania Company for Insurances on Lives and Granting Annuities, the Colonial Trust Company and the National Knitting Mills, garnishees. No part of the judgment has been paid, and it is averred that the defendant is one of the copartners trading as National Knitting Mills, located at 256 South American Street, Philadelphia, Pennsylvania, which partnership consists of the defendant, Samuel Frankil, Eva Frankil, Fannie Frankil and Charles Frankil. The petition prays for a charging order against the interest of the defendant in the partnership known as National Knitting Mills.

The court granted a rule on the copartnership to show cause (a) why the plaintiff should not have a charging order against the interest of the defendant in the National Knitting Mills and (b) why the sheriff of Philadelphia County should not be directed to sell the right, title and interest of the defendant in the copartnership known as National Knitting Mills. No answer was filed to the petition.

The defendant concedes that under the Partnership Act of 1915, section twenty-eight, the plaintiff has a right to the charging order, but contends that the plaintiff is not entitled to an order on the sheriff to sell the right, title and interest of the defendant in the partnership. The defendant relies on section twenty-eight of the Partnership Act of March 26, 1915, P. L. 18, and cites only subsection one of section twenty-six, which states that: "On due application to a competent court by any judgment creditor of a partner,

the court . . . may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him."

The defendant, however, fails to recite subsection two of section twenty-eight, which provides several methods of redeeming the interest charged "at any time before foreclosure, or in case of a sale being directed by the court. . . ." This part of section twenty-eight is meaningless, unless it is construed as conferring upon the court the right to direct a sale. Subsection one, moreover, gives the court making the charging order the right "to make all other orders, . . . which the circumstances of the case may require." There, therefore, can be no doubt but that the court has a right to order the sheriff to sell the interest charged.

The defendant quotes from 24 Yale Law Journal, 634 (an article by Wm. Draper Lewis on the "Partnership Act"), in which the author states that a separate creditor can obtain an order on the other partners to pay him the profits due to the debtor partner, but the defendant fails to incorporate in his brief the continuation of the quotation, which reads as follows: "or to make any further order which will result in his securing the payment of his judgment without unduly interfering with the rights of the remaining partners in partnership property."

And now, to wit, January 20, 1931, the rule for a charging order is made absolute and the sheriff of Philadelphia County is directed to sell the right, title and interest of the defendant in the partnership known as National Knitting Mills.