## Shor v. Miller's Flower Shop et al.

*Edwin Booth*, for plaintiff.

*Speiser, Satinsky, Gilliland & Packel*, for individual defendant.

CARROLL, J., February 20, 1953.—Plaintiff herein by petition seeks to obtain a charging order on the interest of one of the defendants, Sidney S. Coina, in the partnership of Edward Dental Supply Co. and further seeks the appointment of a receiver of his share of the profits or any other moneys due or payable to him as a partner in that business.

It is clear from the wording of the Uniform Partnership Act of March 26, 1915, P. L. 18, part VII, sec. 28, that a charging order is discretionary with the court. The exercise of this discretion has been said to be "equitable" after a full inquiry into the facts: Northampton Brewery Corporation v. Lande et al., 133 Pa. Superior Ct. 181 (1938).

From the answer filed by defendant in this matter, the facts of which are not denied by plaintiff, it appears that the debt in question was created by a loan to Miller's Flower Shop, a venture owned jointly by Sidney S. Coina and his wife, Betty Ann Coina, who is also the daughter of plaintiff, Dr. H. N. Shor. The asset sought to be reached by this petition is the separate interest of one of the joint debtors in a different partnership. While the court recognizes the ultimate right of a creditor to recover the whole amount from any one joint obligor, an appeal for an equitable procedure for recovery must produce equitable results. Should we grant the prayer of this petition, it might result in the disruption of a partnership affecting adversely the interest of other parties not concerned with the present dispute or debt; it would leave unsettled the equitable right of the one joint obligor, whose separate asset would be taken, to make contribution for a proportion of the debt from the remaining obligor, who happens to be plaintiff's daughter; it would leave untouched the joint asset, namely, Miller's Flower Shop, for which the debt was originally incurred, and thus create unnecessary inequities and in some probability unnecessary additional litigation.

166

For these reasons we deem it equitable to refuse the prayer of the petition at this time until the creditor can show he has exhausted the ordinary legal remedies to obtain satisfaction by execution on Miller's Flower Shop and other assets owned jointly by both defendants.

Accordingly the petition is dismissed.