J-A23032-16

2016 PA Super 254

| | | |
|---|---|---|
| KAREN WEDGWOOD MACHARG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PETER TILESTONE MACHARG AND | : | |
| PHILLIPS STEEL, GRAHAM STAMPING | : | |
| COMPANY, THOMAS METALS COMPANY, | : | |
| REDNIK II CORPORATION AND 1700 | : | |
| BROADWAY LTD, | : | |
| | : | |
| Appellees | : | No. 1940 WDA 2015 |

Appeal from the Order November 16, 2015
in the Court of Common Pleas of Mercer County
Civil Division at No(s): 2013-1965

BEFORE:    LAZARUS, STABILE, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:    **FILED NOVEMBER 16, 2016**

Karen Wedgwood MacHarg (Plaintiff) appeals from the November 16, 2015 order that denied her requests for (1) aid in execution against the shares of stock in several corporations owned by Peter Tilestone MacHarg (Defendant), and (2) a charging order requiring the sale of Defendant's interest in a limited partnership.  We reverse and remand for proceedings consistent with this opinion.

The trial court offered the following summary of the facts giving rise to this appeal.

> On June 24, 2013, [Plaintiff] filed a petition for the registration and request for enforcement of a foreign order.  The order at issue was a judgment order entered by the Superior Court, Windsor Unit Family Division, State of Vermont resulting

*Retired Senior Judge assigned to the Superior Court.

from the divorce of [Plaintiff] and [Defendant]. The order is dated May 26, 2013 and was docketed on April 2, 2013 at No. 321-8-09. The decree of divorce is dated July 3, 2012.

In the decree of divorce, the court determined that in order to equalize the property division, Defendant would pay Plaintiff $416,682.21. That judgment was to be paid within 30 days after the entry of the divorce decree. However, Defendant failed to pay the judgment and was found in contempt of court. In the judgment order at issue, the remaining balance due on the decree of divorce was $346,483.41.

Defendant has an ownership interest in five companies organized under the laws of Pennsylvania with principal offices located in Mercer County. Pursuant to paragraph 4 of the judgment order, "[a]ll distributions paid to the Defendant by any of the entities identified in Paragraph 11b of the divorce decree shall be payable directly to the Plaintiff in full until the obligation is paid in full. Plaintiff shall have all rights as a judgment creditor." Those entities in Paragraph 11b are: Phillips Steel Corporation, Graham Stamping Company, Thomas Metals Company, 1700 Broadway Ltd. and Rednick II Corporation (Garnishees).

In an order dated June 25, 2013, the Mercer County Court of Common Pleas adopted the decree of divorce and the judgment order in their entirety for enforcement purposes. Plaintiff filed a praecipe for judgment against Defendant pursuant to judgment order and a praecipe for writ of execution on July 24, 2013 against Defendant and Garnishees Phillips Steel Corporation, Graham Stamping Company, Thomas Metals Company and 1700 Broadway Ltd. On August 27, 2013, Plaintiff filed a praecipe for judgment against garnishee upon admission pursuant to Pa.R.C.P. 3146(b) against Garnishees Phillips Steel Corporation, Graham Stamping Company, Thomas Metals Company and 1700 Broadway Ltd. in the amount of $5,609.00 admitted to being in the garnishees' possession. On September 26, 2013, Plaintiff filed a praecipe to reinstate the writ of execution that was originally filed on July 24, 2013. In an Order dated November 13, 2013 (Garnishment Order), th[e trial c]ourt, pursuant to Plaintiff's petition for order in aid of execution, dated October 31, 2013, ordered that the execution and garnishment shall continue until the judgment is paid in full.

Garnishees Phillips Steel Corporation, Graham Stamping Company, Thomas Metals Company and 1700 Broadway Ltd. were ordered to pay all distributions that Defendant is entitled to receive directly to Plaintiff via her Attorney, John Loftus, III, until the judgment is paid in full.

Plaintiff filed another writ of execution on April 3, 2014 against Defendant and Garnishee the Rednik II Corporation for the $346,483.41 listed in the judgment order. Plaintiff also filed interrogatories in attachment directed to the Rednik II Corporation c/o David MacHarg, Treasurer, Garnishee, on April 16, 2014. The Rednik II Corporation provided objections and answers to the interrogatories on May 5, 2014. On June 2, 2014, Plaintiff filed the first motion at issue: motion and application for a charging order and judicial sale to enforce judgment against [Defendant's] limited partnership interest in Garnishee 1700 Broadway Ltd. In this motion, Plaintiff allege[d] that despite receiving distributions from 1700 Broadway Ltd. and other Garnishees, the judgment at issue remain[ed] unsatisfied. Thus, Plaintiff ask[ed the trial c]ourt to issue a charging order against 1700 Broadway Ltd. and order a judicial sale of Defendant's 19.22% interest in said Garnishee. On the same day, Plaintiff also filed the second motion at issue: motion for supplementary relief in aid of execution production of corporate stock. In this motion, Plaintiff note[d] that Defendant has 20% of the shares in the Rednik II Corporation, 13.898% of the shares of Graham Stamping Company, 9.76% of the shares of Phillips Steel Corporation and 4.089% of the shares of Thomas Metals Company. In their answers to interrogatories, each of these garnishees indicated that they are unable to determine and do not know whether their shares of stock were ever physically issued for or to Defendant. Plaintiff allege[d] that Defendant does not have possession of these stocks, and Plaintiff ask[ed the trial court to order the corporate Garnishees to deliver certificates of stock to the sheriff to aid in her ultimate execution upon them[1]].

_____

[1] In its opinion, the trial court erroneously indicated that Plaintiff asked it "for a personal property execution to levy, seize, and sell the foregoing shares of stock." Trial Court Opinion, 11/16/2015, at 5. As Plaintiff notes in her brief, she has not yet sought to execute against Defendant's shares; rather all she "sought below was routine and summary judicial relief for the

Trial Court Opinion, 11/16/2015, at 2-5 (citations and unnecessary capitalization omitted). Following oral argument, the trial court denied both of Wife's motions by order of November 16, 2015. This timely-filed appeal followed.

With her first issue on appeal, Wife claims that the trial court erred in denying her relief under Rule 3118 of the Rules of Civil Procedure.

> In interpreting this Rule, our Supreme Court has held that "Rule 3118 authorizes summary proceedings in aid of execution for the purpose of maintaining the status quo of the judgment debtor's property and may be used only for that purpose."
>
> In order to demonstrate entitlement to relief, the movant must establish: (1) the existence of an underlying judgment; and (2) property of the debtor subject to execution. When reviewing the grant or denial of Rule 3118 supplementary relief, this Court's review is limited to determining whether the trial court abused its discretion.

***Marshall Ruby and Sons v. Delta Min. Co.***, 702 A.2d 860, 862 (Pa. Super. 1997) (citations omitted). Shares of corporate stock are property subject to execution. ***See***, ***e.g.***, ***Gulf Mortg. & Realty Investments v. Alten***, 422 A.2d 1090, 1094 (Pa. Super. 1980).

Here, there is no question that Plaintiff has an underlying judgment against Defendant. ***See*** Order, 6/25/2013 (adopting "in its entirety for enforcement purposes" the March 26, 2013 judgment order entered in Vermont). Further, Plaintiff attached to her motion answers to

---

first part of the two step process for enforcement of her judgment against" Defendant's shares of stock in Garnishees. Plaintiff's Brief at 22.

interrogatories of each Garnishee establishing that a portion of each company is Defendant's property subject to execution. ***See*** Motion for Supplementary Relief, 6/2/2016, at Exhibit A page 5 (indicating that Defendant owns 655 shares in the Rednik II Corporation (20% of the outstanding shares)); ***id.*** at Exhibit B page 5 (indicating that Defendant owns 298 shares in Phillips Steel Corporation (9.76%)); ***id.*** at Exhibit C page 5 (indicating that Defendant owns 502 shares in Graham Stamping Company (13.898%)); ***id.*** at Exhibit D page 5 (indicating that Defendant owns 86 shares in Thomas Metals Company (4.089%)).

Having shown the existence of the underlying judgment and property of Defendant subject to execution, it would seem that Plaintiff established her entitlement to relief. ***Kaplan v. I. Kaplan, Inc.***, 619 A.2d 322, 326 (Pa. Super. 1993) ("[T]he predicates to Rule 3118 relief in this case are the existence of an underlying judgment and property of the debtor subject to execution."). However, the trial court denied Plaintiff relief upon the following rationale: "Garnishees here have been paying their distributions to Plaintiff in accordance with the current Garnishment Order. There is no allegation from Plaintiff that she has not been receiving her distributions. Under these circumstances, granting the Motion … would go far beyond the preservation of the status quo." Trial Court Opinion, 11/16/2015, at 12.

The trial court focused on the wrong status quo. The status quo Rule 3118 seeks to preserve is the availability of the debtor's property to be

executed upon. *See Kaplan*, 619 A.2d at 325 (quoting *Greater Valley Terminal Corporation v. Goodman*, 202 A.2d 89, 94 (Pa. 1964)) ("'Rule 3118 authorizes summary proceedings in aid of execution for the purpose of maintaining the status quo of the judgment debtor's property….'").

As things stand, there is nothing to prevent Defendant from selling or otherwise transferring his shares to a third party. Accordingly, Plaintiff sought, and made the necessary showings to support, court assistance to keep Defendant's property from being transferred. The fact that Garnishees faithfully have been paying Defendant's distributions to Plaintiff while Defendant still owns his shares is of no moment to the status quo at issue.

Therefore, we hold that the trial court abused its discretion in denying Plaintiff relief under Rule 3118. Upon remand, the trial court shall enter an order to preserve Defendant's ownership of shares in Garnishees pending execution.

Plaintiff also claims on appeal that the trial court erred in denying Plaintiff's application for a charging order and judicial sale of Defendant's limited partnership interest in Garnishee 1700 Broadway Ltd. Plaintiff's Brief at 25.

The following statute addresses the entry of a charging order against a debtor's share of a general partnership.

> **(a) General rule.--**On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order or decree, or any other court, may charge the

interest of the debtor partner with payment of the unsatisfied amount of the judgment debt with interest thereon and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made or which the circumstances of the case may require.

**(b) Redemption.--**The interest charged may be redeemed at any time before foreclosure or, in case of a sale being directed by the court, may be purchased without thereby causing a dissolution:

> (1) with separate property, by any one or more of the partners; or
>
> (2) with partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.

15 Pa.C.S. § 8345. A separate statute addresses the rights of a creditor of a partner of a limited partnership:

> On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This chapter does not deprive any partner of the benefit of any exemption laws applicable to his partnership interest.

15 Pa.C.S. § 8563.

There is a dearth of case law in Pennsylvania concerning application of these statutes, and none of the decisions addresses the issue presented in

the instant appeal.[2]    In fashioning their arguments, Plaintiff, Garnishee, and the trial court all discuss the federal district court decision in **Auburn Steel Co. v. Am. Steel Eng'g Co.**, No. CIV.A. 91-5747, 1993 WL 257379 (E.D. Pa. July 2, 1993), *aff'd without reported opinion*, 22 F.3d 300 (3d Cir. 1994).

In that case, Auburn Steel Company (Auburn) obtained a judgment against Alan A. Steinberg in 1991 for $61,517.78 plus 6% interest.  In 1993, Auburn obtained a charging order against Steinberg's interests in several limited partnerships.  Two months later, not having obtained any money from the charging order, Auburn sought an order requiring the sale of Steinberg's interests in the limited partnerships.

---

[2]  The published opinions addressing 15 Pa.C.S. § 8345 (general partnerships) are, in chronological order: **Frankil v. Frankil**, 15 Pa. D. & C. 103 (Philadelphia County 1931) (holding that the statute gives the court authority to order the sheriff to sell the charged interest of a partner); **Northhampton Brewery Corp. v. Lande**, 10 A.2d 583 (Pa. Super. 1940) (affirming trial court order granting a request to charge the interest of a partner upon determination that the debtor was in fact a partner); **Shor v. Miller's Flower Shop**, 84 Pa. D. & C. 164 (Philadelphia County 1953) (declining to grant a charging order against the interest of one joint obligor's interest in a partnership where the creditor had not shown inability to obtain satisfaction of the judgment by executing on assets owned by both joint debtors); **Shirk v. Caterbone**, 193 A.2d 664 (Pa. Super. 1963) (holding that creditor of individual partner "can be paid only out of what remains to the individual partner as his share of the profits after the partnership obligations, including those of any judgment creditor of the partnership have been satisfied").  The only published opinion that discusses 15 Pa.C.S. § 8563 (limited partnerships) is **Zokaites v. Pittsburgh Irish Pubs, LLC**, 962 A.2d 1220 (Pa. Super. 2008), which mentions both statutes in considering an appeal from the denial of a motion to compel sale of a debtor's interest in a limited liability company governed by different statutes altogether.

The district court was first required to determine the interplay between Section 8345 and Section 8563.

> Steinberg argues that only Section 8563 applies, and that according to the statute, Auburn, as a judgment creditor, retains only the rights of an assignee of Steinberg's Limited Partnership interests. Steinberg further contends that Auburn previously received, through the Charging Lien Order, all rights as an assignee of Steinberg's interests in the Limited Partnerships. Steinberg claims that Auburn has received all rights and remedies to which it is entitled since Section 8563 does not provide any means for executing on a judgment creditor's rights as an assignee.
>
> This Court finds that Steinberg's contention that [Section] 8345 pertains solely to general partnerships and not limited partnerships is misplaced. Section 8345 applies to both general and limited partnerships except insofar as the statutes relating to limited partnerships are inconsistent with the general partnership statutes. 15 Pa.C.S.[] § 8311(b)[]. For Steinberg's argument to succeed, Section 8563 must be inconsistent with Section 8345 with respect to a court ordered sale of Steinberg's Limited Partnership interests. Pursuant to Section 8345(a), it is within this Court's discretion to "make all other orders, directions, accounts and inquiries ... which the circumstances of the case may require." 15 Pa.C.S.[] § 8345(a). Furthermore, Section 8345(b) provides that "the interest charged may be redeemed at any time before foreclosure or, in the case of a sale being directed by the court, may be purchased without thereby causing a dissolution...." 15 Pa.C.S.[] § 8345(b). The language of Section 8563 does not prohibit the sale of Steinberg's Limited Partnership interests, nor does Section 8563 limit the discretion of this Court to order a sale of Steinberg's interests in the Limited Partnerships pursuant to Section 8345. … It is clear that pursuant to Section 8345 this Court may authorize the sale of Steinberg's interests in the Limited Partnerships to satisfy the judgment entered in this action in favor of Auburn.

*Auburn Steel Co.*, 1993 WL 257379, at *2. Having so determined, the court proceeded to grant Auburn relief in ordering the United States

Marshals Service to execute and sell at a public sale Steinberg's interests in the limited partnerships to satisfy Auburn's judgment. *Id.* at *4.

Regarding whether a court has the power to order the sale of a partner's interest in a limited partnership, we agree with the reasoning of the federal district court. Section 8345's provision for court-ordered sale of a partner's interest applies to interests in limited partnerships as well as general partnerships; thus, the absence of language regarding court-directed sales in Section 8563 does not mean that the trial court lacks the authority to order the sale of an individual interest in a limited partnership. Accordingly, we consider whether the trial court in the instant case abused its discretion in declining to order a sale.

The trial court offered the following analysis:

> Plaintiff argues that the **Auburn** case clearly shows that Defendant's limited partnership interest in Garnishee may be sold to satisfy the judgment at issue. However, Garnishee argues that the result in **Auburn** was driven by the facts of the case, not the law. This [trial c]ourt agrees with Garnishee. Here, unlike in **Auburn**, the Garnishee has made regular distributions to Plaintiff pursuant to the Garnishment Order. The language of § 8345(a) shows that the court may at its discretion charge the partnership interest of a judgment debtor with payment of the unsatisfied debt. The [trial c]ourt may also make all other orders which the circumstances of the case may require, including entering an order for the judicial sale of the debtor's interest in the partnership. However, nothing in § 8345(a) indicates that the Court must charge the partnership interests of a judgment creditor or compel the disposition of the partnership interests of the debtor by a judicial sale. In fact, Pennsylvania case law makes it clear that "a charging order is discretionary with the court [and the] ... exercise of this discretion has been said to be 'equitable' after a full inquiry into

the facts." **Shor**[, 84 Pa. D. & C. at 165] (citing **Northampton Brewery Corp.**]).     Accordingly,     the     [trial c]ourt     in     **Shor** explained as follows:

> While the court recognizes the ultimate right of a creditor to recover the whole amount from any one joint obligor, an appeal for an equitable procedure for recovery must produce equitable results. Should we grant the prayer of this petition, it might result in the disruption of a partnership affecting adversely the interest of other parties not concerned with the present dispute or debt …

> **Id.**    The cases of **Shirk** [] and **Frankil** [], cited by Plaintiff further support the permissiveness and the discretion of the [trial c]ourt in deciding whether to issue a charging order and to compel the public sale of a partnership interest. Here, the issuance of a charging order and an order for judicial sale of Defendant's interest would not provide an equitable result when considering the disruption to Garnishee's limited partnership such an order would make, especially when considering how Garnishee has been making distributions according to the current Garnishment Order. There is no allegation here of bad faith on the part of Garnishee that has been preventing Plaintiff from receiving her distributions.

Trial Court Opinion, 11/16/2015, at 8-9 (emphasis omitted).

A review of the record reveals that the trial court downplayed or overlooked some important facts in reaching its conclusion that a charging order and judicial sale were unwarranted in this case.

First, while Plaintiff has obtained payments from 1700 Broadway Ltd. and other Garnishees pursuant to the garnishment order, it is barely making a dent in Defendant's debt. Plaintiff's judgment is for nearly $350,000; the

- 11 -

12% interest thereon provided for by Vermont law[3] is over $40,000. In 2014, Plaintiff received less than $27,000 from all Garnishees combined. Hence, the trial court's attempt to limit **Auburn** to its facts does not justify its departure therefrom: just as Auburn's judgment was not paid down by mere garnishment of Steinberg's share of profits, Plaintiff's judgment is not being reduced at all by the payments she is receiving from Garnishees. In other words, at this rate under the less extreme measure of garnishing Defendant's share of Garnishees' profits, Plaintiff will never obtain satisfaction of her judgment against Defendant. It is the public policy of Pennsylvania "that debtors should pay their debts." **Gulf Mortg. & Realty Investments**, 422 A.2d at 1097.

Second, the trial court's reliance on **Shor** is misplaced. In that case, the plaintiff lent money to Miller's Flower Shop, a partnership owned by Sidney and Betty Coina. 84 Pa. D. & C. at 165. Betty Coina was both the wife of Sidney Coina and the daughter of the plaintiff. The plaintiff sought to obtain a charging order on the profits of his son-in-law that were payable to him as a partner in Edward Dental Supply Co. The trial court declined, but not, as is suggested by the trial court in the instant case, solely on the basis that it could cause disruption to other partners of Edward Dental Supply who

---

[3] **See** Trial Court Opinion, 11/16/2016, at 5 (citing 12 V.S.A. § 2903(c), and **Dooley v. Rubin**, 618 A.2d 1014 (Pa. Super. 1993) (holding that judgments transferred to Pennsylvania under the Uniform Enforcement of Foreign Judgments Act were subject to the judgment interest rate of the jurisdiction in which it arose)).

were not involved in the debt. Rather, the trial court held that equities weighed against it because it appeared that the plaintiff was seeking to burden innocent partners of his son-in-law while "leav[ing] untouched" Miller's Flower Shop, an asset that was owned by both debtors and that was the original source of the debt. *Id.* Under such circumstances, charging one debtor's interest in an uninvolved partnership would "create unnecessary inequities and in some probability unnecessary additional litigation." *Id.* In the instant case, there is no indication that Plaintiff is creating unnecessary inequities by passing up other avenues for satisfaction and instead seeking to charge Defendant's interest in 1700 Broadway Ltd.

Third, the trial court's concern about disruption to 1700 Broadway Ltd. is speculative. Under Section 8345, one or more partners of 1700 Broadway Ltd. can prevent disruption of a judicial sale by exercising the statutory right of redemption of Defendant's interest at any time prior to the sale. 15 Pa.C.S. § 8345(b).

Under these circumstances, we hold that the trial court abused its discretion in declining to assist Plaintiff in collecting her judgment against Defendant. Upon remand, the trial court shall grant Plaintiff relief in the

form of directing a sale of Defendant's interest in Garnishee 1700 Broadway Ltd.[4]

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016

---

[4] This ruling applies only to Defendant's interest in 1700 Broadway Ltd. because, as indicated at note 1 *supra*, Plaintiff has not yet sought to force the sale of Defendant's interests in the corporate Garnishees.