J. A32015/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT CANTER AND MERYL CANTER, | : | IN THE SUPERIOR COURT OF |
| Appellants | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW CAPPONI AND SHEMP, INC. | : | |
| AND DUE AMICI DEVELOPMENT | : | |
| ASSOCIATES, L.P., DUE AMICI | : | |
| DEVELOPMENT, LLC, JUDITH CAPPONI | : | No. 902 EDA 2016 |

Appeal from the Order Entered February 16, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02455, August Term 2008

BEFORE: DUBOW, RANSOM, AND PLATT,[*] JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 26, 2017**

Appellants, Scott Canter and Meryl Canter, appeal from the February 16, 2016 Order entered in the Philadelphia County Court of Common Pleas granting in part Appellees' Motion to Redeem filed pursuant to 15 Pa.C.S. § 8345(b). After careful review, we vacate the Order and remand with instructions.[1]

This appeal arises out of a garnishment action in which Appellants are attempting to execute on partnership and LLC interests that the judgment debtor, Appellee Andrew Capponi, owns. In particular, on August 19, 2008,

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] We note that our legislature repealed and replaced Chapter 83 pertaining to Partnerships so that, effective February 2017, charging orders and redemptions are governed by 15 Pa.C.S. § 8454(a) and (e). That repeal and replacement has no bearing on the disposition of this appeal.

Appellants commenced the instant action by entering Judgment by Confession against Andrew Capponi ("Capponi") and his construction company, Shemp, in the amount of $1,520,000.[2]

At the time that Appellants filed the Confession of Judgment, Capponi owned interests in Appellees Due Amici Development Associates, L.P. ("Limited Partnership") and Due Amici Development, LLC ("LLC").

On November 21, 2008, in an attempt to execute on the confessed Judgment against Capponi, Appellants served a Writ of Attachment/Execution upon Appellees Limited Partnership and LLC.[3] The effect of the Writ of Execution was to place a lien on those interests that Capponi owned in the Limited Partnership and LLC.[4] ("Capponi Partnership Interests").

Three years later, on September 19, 2011, Appellants filed a Petition for Judicial Sale of Capponi's Partnership Interests. Two weeks later, on October 3, 2011, Capponi filed for bankruptcy and the trial court dismissed the Petition without prejudice to re-file upon the conclusion of the

---

[2] The Judgment was amended on January 29, 2009 to $1,600,138.50.

[3] The Limited Partnership owns real property located at 2161-75 Welsh Road, Philadelphia, PA.

[4] We will collectively refer to the Limited Partnership and LLC interests that Capponi held as "Capponi's Partnership Interests" when our legal analysis of the issues involved are the same for both types of interests. When the analysis is different, we will refer to the interests separately.

bankruptcy proceedings. On March 25, 2014, the bankruptcy court terminated the bankruptcy.

In March 2015, the parties filed various Motions in order to permit Appellants to execute on the liens of the Capponi Partnership Interests. Appellants filed a Motion for a Charging Order and Judicial Sale of Capponi's Interest in the Limited Partnership, pursuant to 15 Pa.C.S. § 8345(a) ("Petition for Judicial Sale"). Appellees filed a petition requesting that the trial court permit them to redeem the Capponi Partnership Interests at a price determined by the trial court, and pay that amount to Appellants to satisfy and remove the liens, pursuant to 15 Pa.C.S. § 8345(b) ("Petition to Redeem").[5]

On October 16, 2015, the trial court denied Appellants' Petition for Judicial Sale without prejudice and instead proceeded with Appellees' Petition to Redeem. Order, filed 10/16/15.

On November 2, 2015, the trial court held a two-day evidentiary hearing to determine the percentage and valuation of Capponi's Partnership Interests. After the parties briefed the issues, the trial court concluded that it lacked jurisdiction to adjudicate the matter because Appellees failed to join indispensable parties, *i.e.*, the other individuals who held partnership or LLC interests when Appellants placed a lien on Capponi's interests. The trial

---

[5] Petitioners entitled their Petition to Redeem a "Petition of Garnishees for a Decree Setting Forth the Terms Whereby the Interests Subject to Garnishment Shall be Purchased by the Garnishees."

court reasoned that part of the valuation analysis includes the percentage of partnership interest that Capponi owned when Appellant placed a lien on the Capponi Partnership Interests. Since Capponi's share of the partnership interests was proportional to the other partners' interests, the other partners had an interest in the court's determination and thus, were indispensable parties. The court, nonetheless, ordered that a particular valuation method be utilized in the future.

Appellants timely appealed. The trial court did not issue an Order directing Appellants to file a Statement of Errors Complained of on Appeal ("Statement") pursuant to Pa.R.A.P. 1925(b) and consequently Appellants did not file a Statement.[6] The trial court filed a 1925(a) Opinion.

Appellants raise the following issues on appeal:

1. In that Lower Court ruled that it lacked jurisdiction of the Garnishee Appellees' [Petition to Redeem,] to the extent that this required adjudication of the relative percentage interests of judgment debtor [Capponi] and Garnishee Appellee[s] and witness and managing partner Eric Gorsen, but did it not also lack subject matter jurisdiction as well to value the partnership's single real estate asset and select the valuation methodology for judgment debtor Capponi's partnership share such that it should have dismissed their said Petition without making said preliminary rulings?

2. Did not the Lower Court lack subject matter jurisdiction to consider Garnishee Appellees' aforesaid [Petition to Redeem] to

---

[6] Where a trial court fails to issue a Rule 1925(b) Order, the appellant's "failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal." **Forest Highlands Community Association v. Hammer**, 879 A.2d 223, 227 (Pa. Super. 2005).

compel the sale of partnership interests from Appellant lien creditors who did not own the same, pursuant to 15 Pa.C.S. 8345(a) General Rule, or (b) Redemption, in that only Appellants could apply for a charging order and judicial sale, not Appellees and absent of scheduling a "foreclosure" or a "sale being directed by the court", i.e., judicial sale involving public bidding, there could be no divestiture or pending divestiture of property owned actually by judgment debtor or his partial successor that would trigger redemption?

Appellant's Brief at 6-7.[7,8]

**Appealability of Trial Court Order**

As an initial matter, we must determine whether the Order in question is a final, appealable order pursuant to Pa.R.A.P. 341. An appeal will lie only from a final order, unless otherwise permitted by statute or rule. ***McCutcheon v. Philadelphia Elec. Co.***, 788 A.2d 345, 349 (Pa. 2002). "If the practical consequence of the order by the trial court is effectively to put an appellant out of court[,] the order will be treated as final. Similarly, an order is final if it precludes a party from presenting the merits of his claim to the lower court." ***Pugar v. Greco***, 394 A.2d 542, 545 (Pa. 1978) (citations and quotation marks omitted).

As noted above, the trial court in the instant case found that it did not have subject matter jurisdiction because Appellees failed to join

---

[7] Appellees have not filed an appellees' brief.

[8] On November 28, 2016, Appellants filed an "Application to Amend Brief by way of Supplementation Due to Recent Published Opinion of this Court." Annexed thereto was the amendment they wished us to review. We have reviewed and considered the filing. Accordingly, we deny Appellants' Application to Amend as moot.

indispensable parties.[9]  Despite determining that it lacked jurisdiction to determine the valuation of the Capponi Limited Partnership Interests, the trial court ordered the parties to use a specific valuation methodology, which Appellants opposed as detrimental to them.

The "practical consequence" of this Order is that it put Appellants "out of court" without remedy, particularly because Appellees were the moving party in the Petition to Redeem and it was Appellees' responsibility to join the indispensable parties.  **Pugar, supra.**  Accordingly, we find that the trial court's Order in this matter is a final, appealable order.

> **The Trial Court Lacked Jurisdiction to Adjudicate Appellees' Motion to Redeem Because the Capponi Partnership Interests Were Not Subject to a Judicial Sale.**

We address Appellants' second issue on appeal because our disposition makes Appellants' first issue moot.  Appellants argue that the trial court lacked jurisdiction to consider Appellees' Motion to Redeem because there was no judicial sale pending.  We agree.  At the time of trial court's disposition, Section 8345 addressed the process for a judgment creditor to

---

[9] Under Pa.R.C.P. No. 2227, "[p]ersons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."  Pa.R.C.P. No. 2227(a).  This Court has repeatedly held that "an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights." **Hart v. O'Malley**, 647 A.2d 542, 549 (Pa. Super. 1994) (citations omitted). Further, "[t]he absence of an indispensable party goes absolutely to the court's jurisdiction.  If an indispensable party is not joined, a court is without jurisdiction to decide the matter." **Id.** (citations omitted).

satisfy a lien that it holds on the partnership interest of a debtor. Specifically, Section 8345(a) provides that upon application by a judgment creditor, the trial court may charge the partnership interest of the debtor partner with payment of the debt:

> (a) General rule. **On due application** to a competent court **by any judgment creditor of a partner,** the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment debt with interest thereon and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership and make all other orders, directions, accounts and inquiries which the debtor partner might have made or which the circumstances of the case may require.

15 Pa.C.S. § 8545(a) (emphasis added).

Our Court recently held that 15 Pa.C.S. § 8545(a) authorized the court to order the judicial sale of not only general partnership interests, but also limited partnership interests. *Macharg v. Macharg*, 151 A.3d 187, 193 (Pa. Super. 2016). We rejected the argument that 15 Pa.C.S. § 8563, which limits a judgment creditor's rights to those of an "assignee of the partnership interest[s,]" precluded the judicial sale of limited partnership interests. *Id.* at 191.[10]

The other method for a judgment creditor to execute on a lien on partnership interests was, at the time of this proceeding, set forth at 15 Pa.C.S. § 8345(b), and permitted the partnership to redeem the partnership

---

[10] Section 8563 was also repealed as of February 21, 2017.

interests subject to the lien and pay that amount to the judgment creditor.

In particular, Section 8345(b) provided:

> **(b) Redemption.** The interest charged may be redeemed at any time **before foreclosure or, in case of a sale being directed by the court**, may be purchased thereby without causing a dissolution:
>
> (1) With separate property, by any one or more of the partners; or
> (2) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.

15 Pa.C.S. § 8345(b) (emphasis added). As noted by the boldface, redemption is only available when there is a foreclosure or judicial sale pending. *Id.*

In this case, Appellants, the judgment creditors, petitioned the court pursuant to Section 8345(a) requesting that the court order a judicial sale of the Capponi Partnership Interests. Appellees, however, filed a redemption petition pursuant to Section 8345(b) requesting, *inter alia*, that the trial court value the Capponi Partnership Interests and order that Appellees pay that amount to Appellants to satisfy the liens.

The trial court denied Appellants' Motion for Judicial Sale, but granted Appellees' Petition to Redeem in part and held a hearing on the value of the Capponi Partnership Interests. We conclude, however, that the trial court lacked jurisdiction to hear the Petition to Redeem because Section 8534(b) only permitted the trial court to consider the redemption petition if the Capponi Partnership Interests were subject to a foreclosure or other court

ordered sale. Since the trial court denied the Petition for Judicial Sale, there was no judicial sale pending and the trial court lacked jurisdiction to decide the Petition to Redeem.

The trial court reasons that because Section 8345(a) gives the trial court broad discretion to charge the partnership interest of the debtor partner, the trial court is not required to order a judicial sale before considering a petition to redeem. The trial court further reasons that this broad discretion gives the trial court the authority to order the redemption process in Section 8345(b). Trial Court Opinion, filed 10/16/15, at 5-7.

Although we agree with the trial court that it has broad discretion to deny a judgment creditor's request for a judicial sale under Section 8345(a), it does not follow that the trial court has unfettered authority to order a redemption of the partnership interests pursuant to Section 8345(b). The clear, unambiguous language of this section demonstrates that its applicability is limited to those situations in which the trial court has ordered a foreclosure on or judicial sale of the partnership interests. Since the trial court denied Appellants' request for a judicial sale, the trial court lacked the authority to hold a redemption hearing pursuant to Section 8345(b). Further, because the trial court lacked jurisdiction, the trial court did not have the authority to order the parties to use a particular valuation methodology.

Because we find that the trial court lacked jurisdiction to hear the Motion to Redeem, we need not address Appellants' first issue on appeal regarding the joinder of indispensable parties.[11]

**Conclusion**

We, therefore, vacate the Order and remand with instructions for the trial court to dismiss the Petition to Redeem. We agree with the trial court's finding that the trial court lacked jurisdiction to hear the Petition to Redeem. We, however, do so on the basis that there was no judicial sale pending.[12] Because the trial court did not have jurisdiction to hear the Petition to Redeem, we need not address the jurisdictional issue arising from Appellees' failure to join other individuals who held partnership and LLC interests.

Order vacated. Application to Amend Brief denied. Case remanded with instructions. Jurisdiction relinquished.

---

[11] We agree with the trial court that it lacked jurisdiction to hear the Petition to Redeem because Appellees failed to join indispensable parties to the Petition to Redeem. We strongly suggest that, in the future, the moving parties join the individuals who held limited partnership and LLC interests on November 21, 2008, so that the trial court can determine the percentage of ownership interests on that date.

[12] We see no reason why Appellants cannot re-file their Petition for Judicial Sale because the trial court dismissed it without prejudice. If the trial court grants the Petition for Judicial Sale, the trial court would have met the jurisdictional defect of not having a judicial sale pending. At that point, Appellees may refile their petition, joining the indispensable parties to ensure that the trial court has jurisdiction over its petition.

J. A32015/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017