J-A27017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOMENIC FALCONE, SR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMENIC FALCONE, JR. | |
| Appellant | No. 784 EDA 2018 |

Appeal from the Order Entered February 16, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No.: 2016-003920

| | |
|---|---|
| DOMENIC FALCONE, SR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMENIC FALCONE, JR. | |
| Appellant | No. 791 EDA 2018 |

Appeal from the Order Entered February 14, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No.: 2016-003920

BEFORE:  BOWES, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED FEBRUARY 21, 2019**

Appellant/defendant Domenic Falcone, Jr. appeals from the February 14, 2018 and February 16, 2018 orders entered in the Court of Common Pleas of Delaware County ("trial court").  The February 14, 2018 orders overruled Appellant's preliminary objections to Appellee/plaintiff Domenic Falcone, Sr.'s

petition for a charging order against Appellant's business interests and granted the charging order. The February 16, 2018 order denied Appellant's petition to open confessed judgment. Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, on May 4, 2016, Appellee filed a complaint in confession of judgment for monetary damages against Appellant, his son. In the complaint, Appellee averred that Appellant had executed a promissory note in favor of Appellee for $400,000.00 with an annual rate of three percent (3%) plus five percent (5%) for attorney's fees. The promissory note contained a confession of judgment clause. Appellee alleged that despite demands for repayment, Appellant failed to pay him a remaining balance of $100,000.00. As a result, Appellee sought $155,011.96. On the same day as the filing of the complaint, the Delaware County Prothonotary issued a notice that judgment in the matter had been entered against Appellant.

On May 27, 2016, Appellant petitioned the trial court to open the confessed judgment, raising several affirmative defenses. On June 16, 2016, Appellee filed a response, opposing the petition to open the confessed judgment. On November 3, 2017, in an effort to satisfy the confessed judgment, Appellee filed a petition for a charging order against Appellant's interests in Narberth Investment Associates, LLC and Narberth Investment Group, L.P. On November 21, 2017, Appellant filed preliminary objections to Appellee's petition for a charging order, asserting that Appellee had failed to join an indispensable party in the underlying confession of judgment case. On

February 14, 2018, the trial court overruled Appellant's preliminary objections and granted Appellee's petition for a charging order. In granting the charging order, the trial court ordered:

1. [Appellant's] membership interest in Narberth Investment Associates, LLC, is hereby charged with payment of the unsatisfied amount of the judgment, interests, and costs until satisfied in full;

2. [Appellant's] interest in Narberth Investment Group, L.P., is hereby charged with payment of the unsatisfied amount of the judgment, interests, and costs until satisfied in full;

3. Any and all distributions, returns of contributions, and/or outstanding valid obligations to which [Appellant] is entitled shall be paid by Narberth Investment Associates, LLC and/or Narberth Investment, L.P., directly to [Appellee].

4. [Appellant] shall provide [Appellee] with detailed information concerning any and all corporations, partnerships, limited liability companies, or other business entities in which he hold an interest including Prescott Homes, Inc., within 30 days of the date of this order.

5. Further, [Appellant] is hereby enjoined from transferring, assigning, selling, gifting, or otherwise diluting his ownership, stock, or membership interests in any corporation, partnership, limited liability company, or other business entities, until judgment has been satisfied, or upon further order of this court.

Trial Court Order, 2/4/18. On February 16, 2018, the trial court denied Appellant's petition to open the confessed judgment. Appellant timely appealed to this Court.[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[1] Although Appellant appealed the February 14 and February 16, 2018 orders separately, we have consolidated his appeals for ease of disposition.

On appeal,[2] Appellant raises four issues for our review:

[I.] Did the trial court abuse its discretion and/or commit errors of law in denying the petition to open/strike the confessed judgment without first proceeding with the scheduled hearing on the six meritorious defenses raised in the petition after nearly one year of discovery on these issues?

[II.] Did the trial court abuse its discretion and/or commit an error of law in granting the petition for a charging order before Appellant was given the opportunity to answer the petition and "state the material facts which constitute the defense to the petition" pursuant to Pennsylvania Rule of Civil Procedure 206.1 and 206.2?

[III.] Did the trial court abuse its discretion and/or commit an error of law by overruling Appellant's preliminary objections to the petition for a charging order where Appellee's petition failed to include an indispensable party?

[IV.] Did the trial court abuse its discretion and/or commit an error of law by granting the petition for a charging order where the petition was never adjudicated on the merits to determine if circumstances were present under which a charging order "may" be issued pursuant to 15 Pa.C.S.A. §§ 8673 and 8853 to attach the transferable interests of the judgment debtor?

Appellant's Brief at 5 (unnecessary capitalization omitted).

After careful review of the record and relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's issues on appeal. *See* Trial Court Opinion, 5/16/18, at 9-29. Accordingly, we affirm the trial court's February 14, and 16 orders. We further direct that a copy of the trial court's May 16, 2018 opinion be attached to any future filings in this case.

---

[2] We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. *Lechowicz v. Moser*, 164 A.3d 1271, 1273 (Pa. Super. 2017) (citations omitted). A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. *Id.* Similarly, we review an order denying a petition to open the confessed judgment for an abuse of discretion. *Id.*

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| **DOMENIC FALCONE, SR.** | : | **No. 16-003920** |
| | : | PA Superior Court Docketing Numbers 784 EDA 2018 and 791 EDA 2018 |
| **V.** | : | |
| | : | |
| **DOMENIC FALCONE, JR.** | : | |

JEFFREY B. McCARRON, ESQUIRE, CANDIDUS K. DOUGHERTY, ESQUIRE, CARYN J. STEIGER, ESQUIRE and JOSEPH P. O'BRIEN, ESQUIRE, Attorneys for the Plaintiff. PAUL A. BUCCO, ESQUIRE and JOHN J. DORSEY, ESQUIRE, Attorneys for the Defendant.

## OPINION

BURR, S.J.                                                              FILED: May 16, 2018

The Defendant, Domenic Falcone, Jr., has filed this dual appeal from the Orders of this Court filed on February 14, 2018 and February 16, 2018, respectively overruling the Defendant's Preliminary Objections to the Petition of the Plaintiff, Domenic Falcone, Sr., for Charging Order, and denying the Defendant's Petition to Open Confessed Judgment.[1]

The Plaintiff filed his Complaint in Confession of Judgment for Money against his son, the Defendant, on May 4, 2016, in order to recover the remaining balance of $100,000.00 on a $400,000.00 Promissory Note executed by the Defendant nearly ten years ago on June 24, 2008, plus three percent interest and attorney's fees for a total judgment in the amount of $155,011.66. The sworn and notarized Note, appended as Exhibit A to the Confession of

---

[1]    The Superior Court docketing statements for this action list both Orders as having been entered on February 16, 2018 and the filing date of the Notices of Appeal in this Court both on March 12, 2018. However, there are consecutively issued PA Superior Court appeal docketing numbers at 784 EDA 2018 and 791 EDA 2018 for the appealed from Orders. Therefore, since the Order overruling the Defendant's Preliminary Objections to Plaintiff's Petition for a Charging Order was entered on February 14, 2018 *sub judice*, discussion of the issues raised in the appeal from that Order will appear under a heading bearing the first appeal docketing number of 784 EDA 2018. Because the Order denying the Defendant's Petition to Open Confessed Judgment was entered on February 16, 2018, discussion of the issues raised in the appeal therefrom will appear under a heading bearing the second docketing number of 791 EDA 2018 below.

Judgment Complaint, includes, *inter alia*, an express allowance, "after one or more declarations filed", for confession of judgment against the Defendant:

> "ON DEMAND, after date [June 24, 2008] I, DOMENIC FALCONE, JR., do promise to pay upon demand to the order of DOMENIC FALCONE, SR., the sum of Four Hundred Thousand Dollars ($400,000.00), with interest at Three Percent (3%) per annum, payable at 54 West Eagle Road, Havertown, Pennsylvania 19083, with defalcation, value received with interest and Further, to hereby empower any attorney of any Court of Record, and/or Prothonotary of Montgomery County, within the United States or elsewhere to appear for me and after one or more declarations filed, confess judgment against me as of any term for the above sum with costs of suit and Attorney's commission of Five Percent (5%) and for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law nor in force which may be hereafter passed." (Confession of Judgment Complaint – Exhibit A).

This document, bearing the signatures of a witness and the Defendant, is dated June 24, 2008. (*Id.*). Appended as Exhibit B to the Confession of Judgment Complaint is the Defendant's signed and notarized Affidavit of Debtor's Waiver of Rights, also bearing the date of June 24, 2008, in which the Defendant stated that he was:

". . .being duly sworn according to law, deposes and says that he. . ., is the signer of the attached note containing provision for the entry of judgment in court by confession and do/does hereby intentionally, understandingly and voluntarily waive:

(a) the right to notice and hearing.

(b) the right to defalcation, *i.e.*, the right to reduce or set off a claim by deducting a counterclaim.

(c) release of error.

(d) inquest (to ascertain whether rents and profits of defendant's real estate will be sufficient to satisfy the judgment within seven years.

(e) stay of execution (if defendant owns real estate in fee simple within the county worth the amount to which the plaintiff is entitled, clear of encumbrances. . .)." (*Id.*).

The Plaintiff additionally contended in the Complaint in Confession of Judgment that:

2

- Under the terms of the Promissory Note, the Defendant was required to pay upon demand any sums due and owing to the order of the Plaintiff. (*Id.*, Paragraph 5).

- The Plaintiff sent a written demand to Defendant on April 7, 2016 *via* US Certified Mail and with Return Receipt and US Regular Mail demanding payment of the balance owed under the Note along with interest at 3% *per annum* in accordance with the terms of the Note. (*Id.*, Paragraph 6 and Exhibit C to Complaint – Plaintiff's written demand letter with US mail certification).

- All conditions precedent to this Confession of Judgment both under the instrument and the laws of the Commonwealth of Pennsylvania have been fulfilled. (*Id.*, Paragraph 11).

- Defendant has made the following payments to Plaintiff under the Note:

  $100,000.00 on 12/01/08
  $ 50,000.00 on 12/12/08
  $ 50,000.00 on 12/31/08
  $100,000.00 on  4/25/14  (*Id.*, Paragraph 14).

The Plaintiff's sworn and notarized averment of the Defendant's default upon this obligation bearing the date of May 3, 2016 was appended to the Confession of Judgment Complaint. The Delaware County, Pennsylvania Office of Judicial Support then entered judgment against the Defendant in the amount of $155,011.96 and sent the Defendant notice thereof on May 4, 2016, or the same date upon which the Plaintiff's Complaint in Confession of Judgment for Money had been filed.

The docket for this action reflects that the Defendant's Petition to Open Judgment was filed on May 27, 2016, or some three weeks following the entry of the Judgment confessed against him. It is here noted that, although the Defendant mentions the legal requirements of a motion to strike a confessed judgment in his Petition and Memorandum of Law, the Defendant does not seek a finding nor conclusion that this Judgment needs to be stricken. Therefore, any such references of the Defendant therein may be disregarded.

In order to prevail on his Petition to Open Confessed Judgment, the Defendant was required to respond promptly to the judgment confessed against him, to allege a meritorious

3

defense, and to present sufficient evidence that would allow submission of a defense to a jury. Lambakis v. Exar, 340 Pa. Super. 483, 490 A.2d 882 (1985). The evidence produced in support thereof must be clear, direct, precise and credible. Germantown Savings Bank v. Talacki, 441 Pa. Super. 513, 657 A.2d 1285 (1995). The Defendant asserted the requisite timeliness in the filing of the said Petition under Pennsylvania Rule of Civil Procedure 2959(a)(3)(*i.e.*, thirty days from the time of service of Notice to obtain relief from confessed judgment), and averred the following defenses thereto:

- Affirmative Defense No. 1 - The Defendant disputes the amount of the Judgment claimed in the Complaint. (*Id.*, Paragraph 10). Plaintiff calculated the interest allegedly due incorrectly. (*Id.*, Paragraph 11).

- Affirmative Defense No. 2 – The terms of the underlying note and confession of judgment were ambiguous. (*Id.*, Paragraph 12). Ambiguity in the terms of a note or the confession of judgment clause can affect the validity of a confessed judgment and must be construed against the holder of the note. Morrison v. Corr. Physician Servs., 2000 Phila. Ct. Com. Pl. LEXIS 80, *20-21 (Pa. C.P. 2000). (*Id.*, Paragraph 13).

- Affirmative Defense No. 3 – The Judgment must be opened because obtaining a Confession of Judgment is a draconian method frowned upon by Pennsylvania Courts. (*Id.*, Paragraph 14). The entry of Judgment by Confession thus violates the laws and Constitution of the Commonwealth of Pennsylvania and the United States of America because it deprives Defendant of a valuable interest in his property without due process under the law. (*Id.*, Paragraph 15).

- Affirmative Defense No. 4 – The Judgment must be opened because Defendant did not voluntarily, intelligently, and knowingly waive the Defendant's right to have a trial. (*Id.*, Paragraph 16).

- Affirmative Defense No. 5 – The Judgment must be opened because Plaintiff has not met its [sic] burden to establish that an "event of default" has occurred. (*Id.*, Paragraph 17).

- Affirmative Defense No. 6 – The Judgment must be opened because Defendant has made demand upon Plaintiff in complete contradiction to the course of conduct established between the parties for eight years regarding payment to Plaintiff. (*Id.*, Paragraph 18).

- Affirmative Defense No. 7 – Defendant asserts a set-off in his proposed Answer to Plaintiff's Complaint, attached hereto as Exhibit A, and raises specific claims that call into question the total amount claimed as due and owing in the complaint. (*Id.*,

4

Paragraph 19). For all of these reasons as well as general principles of due process, the Judgment should be opened pursuant to Pa.R.Civ.P. *et seq.* [sic]. (*Id.*, Paragraph 20).

The Defendant asserted in "legal argument" submitted in support of this Petition that:

"Plaintiff avers that he was entitled to a confession of judgment because Defendant failed to pay the balance of the Note upon demand by Plaintiff. However, this demand was unreasonable as it was in direct contradiction of the established and customary business practices between the parties. It was common practice between [Defendant] and [Plaintiff], when purchasing properties, for [Plaintiff] to provide down payments for the purchase of said properties. [The Defendant's] repayment of these 'loans' were [sic] contingent upon profits and proceeds of the sale of other properties. This practice between the parties is evidenced by the history of payments which are set forth in the Complaint. For example, as referenced in Paragraph 14 of the Complaint, [Defendant] made payments in December 2008 to [the Plaintiff] after receiving proceeds from the sale of the property located at 1201 Edgewood Road, Havertown, PA 19083. The last payment referenced in the complaint was made on April 25, 2014 after [Defendant] sold property located at 348 N. Fairfield Road in Devon, PA 19333. Accordingly, when [Plaintiff] made demand for a final payment, he did so, knowing that it was in complete contradiction to the practices established between the parties.

Alternatively, even if [Plaintiff] avers that the parties did not have an established customary practice among themselves, the terms on the face of the Note are ambiguous as to Defendant's repayment obligations. It is well settled that 'ambiguity in the terms of a note and/or the confession of judgment clause can affect the validity of a confessed judgment and must be construed against the holder of the note.["] Morrison v. Corr. Physician Servs., 2000 Phila. Ct. Com. Pl. LEXIS 80, *20-21 (Pa. C.P. 2000). The terms of the note do not establish a payment schedule, terms of default, or date upon which the note is due, essentially rendering the terms of the note ambiguous and extremely vague. Therefore, it would be prejudicial if the judgment was not opened and Defendant not provided an opportunity to set forth his defenses." (Memorandum in Support of Defendant's Petition to Open Confessed Judgment, unnumbered pp. 6-7).

The Plaintiff responded to the foregoing allegations and argument of the Defendant as follows:

"'[A] court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury.' Stahl Oil Co. v. Helsel, 860 A.2d 508, 512 (Pa. Super. 2004)(citing Germantown Sav. Bank v. Talecki, 657 A.2d 1285, 1288-89 (Pa. Super.

5

1995)). To succeed on a petition to open, 'petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question.' _Id._ (citing Germantown, 657 A.2d at 1289). To determine if petitioner's evidence is sufficient, courts utilize the same standard as on directed verdict and view evidence in the light most favorable to petitioner. _Id._ (citing **Crum v. F.L. Shaffer Co.**, 693 A.2d 984, 986 (Pa. Super. 1997). Merely stating a meritorious defense is insufficient, and petitioner must demonstrate the existence of a meritorious defense by directing the court's attention to relevant facts which give rise to the defense.' **Republic First Bank v. Marke**, 2013 WL 2993087, *11 (C.C.P. Phila. Cnty, May 3, 2013)(citing **West Chester Plaza Assoc. v. Chester Engineers**, 465 A.2d 1297, 1299-1300 (Pa. Super. 1983)). Defendant has provided no clear, direct, precise or believable evidence of a meritorious defense, affirmative defenses, or discovery that require[s] opening the confessed judgment.

Defendant alleged the judgment should be opened because he asserted separated affirmative defenses and/or counterclaims that require discovery and may ultimately be presented to a jury. Defendant attempted to assert affirmative defenses related to the calculation of interest, an ambiguity in the terms of the underlying note and confession of judgment, the draconian nature of confession of judgment, a failure to voluntarily, intelligently and knowingly waive the right to have a trial, failure by [P]laintiff to establish an event of default, behavior in contradiction of the course of conduct between the parties, and a claimed set off. Defendant's asserted affirmative defenses are not supported by the facts and do not rise to the level of meritorious defenses necessary to open a judgment.

A. Interest Calculated Properly

The interest, as described in the [C]omplaint, was calculated at three percent as specified in the [N]ote [attached as Exhibit A to the Complaint]. Defendant has provided no clear, direct, precise, or believable evidence in support of his contention [that] [P]laintiff calculated the interest due incorrectly. Defendant has not contended the appropriate calculation of interest. Accordingly, [D]efendant has not sufficiently demonstrated an error in calculating the interest due as a meritorious defense.

B. No Ambiguity in Note and Confession of Judgment

The underlying [N]ote and confession of judgment were [not] ambiguous. The [N]ote makes use of plain and clear English [and] provides:

ON DEMAND, after date [June 24, 2008] I, DOMENIC FALCONE, JR., do promise to pay upon demand to the order of DOMENIC FALCONE, SR., the sum of Four Hundred Thousand Dollars ($400,000.00), with interest at Three Percent (3%) per annum, payable at 54 West Eagle Road, Havertown, Pennsylvania 19083, with defalcation, value received with interest and Further, to hereby empower any attorney of any Court of Record, and/or Prothonotary of Montgomery County, within the United States or elsewhere to appear for

6

me and after one or more declarations filed, confess judgment against me as of any term for the above sum with costs of suit and Attorney's commission of Five Percent (5%) and for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law nor in force which may be hereafter passed.

Promissory [N]ote, attached to [C]omplaint in (C)onfession of [J]udgment for Money as Exhibit 'A'. Moreover, [D]efendant's conclusory allegation without identification of the alleged ambiguity or evidence to support the existence of an ambiguity fails to demonstrate a meritorious defense. Defendant has provided no clear, direct, precise, or believable evidence [showing that] the terms of the underlying [N]ote and [C]onfession of [J]udgment were ambiguous.

## C. Demand and Default Properly Supported

Plaintiff made a written demand for payment on the [N]ote on April 7, 2016 via U.S. certified mail. Demand [letter,] dated . . . April 7, 2016, attached to [C]omplaint in [C]onfession for [M]oney as Exhibit 'C.' Plaintiff included an averment of default with the [C]omplaint in [C]onfession of [J]udgment for [M]oney, as required by Pennsylvania Rule of Civil Procedure 2952(a)(6). *See* Pa.R.C.P. 2956(a)(6)('if the judgment may be entered only after a default or the occurrence of a condition precedent, an averment of the default or of the occurrence of the condition precedent'). Plaintiff averred 'Defendant is in violation and default of the said Promissory Note by failing to pay upon demand.' Defendant has provided no clear, direct, precise or believable evidence [that] [P]laintiff has not met his burden to establish an 'event of default' has occurred.

The [N]ote explicitly provides for payment upon demand and does not provide any conditions related to a course of conduct. Defendant has made large payments on the [N]ote in the past. Complaint in [C]onfession of [J]udgment for [M]oney at ¶ 14. Plaintiff has not acted contrary to a course of conduct between the parties. Defendant has provided no clear, direct, precise, or believable evidence [showing that] [D]efendant has made demand upon [P]laintiff in complete contradiction to the course of conduct established between the parties for eight years. Defendant has provided no clear, direct, precise, or believable evidence of a set off. A set off is not a meritorious defense to a confession of judgment, and the [A]ffidavit of [D]ebtor's [W]aiver of [R]ights includes a waiver of the right to reduce or set off a claim. Exhibit 'B' to [C]omplaint in [C]onfession of [J]udgment for [M]oney.

## D. Defendant Knowingly Waived Rights and Was Not Deprived of Due Process

Defendant voluntarily, intelligently and knowingly waived his right to have a trial. In the [A]ffidavit of [D]ebtor's [W]aiver of [R]ights, [D]efendant intentionally, understandingly, and voluntarily waived:

(a) the right to notice and hearing.

(b) the right to defalcation, *i.e.*, the right to reduce or set off a claim by deducting a counterclaim.

(c) release of error.

(d) inquest (to ascertain whether rents and profits of defendant's real estate will be sufficient to satisfy the judgment within seven years).

(e) stay of execution (if defendant owns real estate in fee simple within the county worth the amount to which the plaintiff is entitled, clear of encumbrances. . .)."

[A]ffidavit of [D]ebtor's [W]aiver of [R]ights, attached to [C]omplaint in [C]onfession of [J]udgment for [M]oney as Exhibit 'B;' *see also* Exhibit 'A' to [C]omplaint in [C]onfession of [J]udgment [for [M]oney]. Defendant has provided no clear, direct, precise, or believable evidence [showing that] he did not voluntarily, intelligently and knowingly waive the right to have a trial.

Defendant has not been deprived of due process. The Pennsylvania Rules of Civil Procedure provide for confession of judgment. Pa.R.C.P. 2950 *et seq.* Defendant has provided no clear, direct, precise, or believable evidence [showing that] confessions of judgment are draconian or frowned upon by Pennsylvania Courts. Defendant has provided no authority supporting the contention [that] confessions are draconian or frowned upon by Pennsylvania Courts. Defendant has provided no clear, direct, precise, or believable evidence [that] entry of judgment by confession violates the laws and constitution of the Commonwealth of Pennsylvania or the United States of America. Defendant has provided no authority supporting the contention [that] entry of judgment by confession violates the laws and constitution of the Commonwealth of Pennsylvania or the United States of America. Defendant has provided no authority supporting the contention [that] entry of judgment by confession deprives [D]efendant of a valuable interest in property without due process under the law.

Defendant has provided no clear, direct, precise, or believable evidence in support of any of his so called affirmative defense[s] or counterclaims. Defendant has not alleged a meritorious defense requiring the opening of the confessed judgment. Accordingly, [D]efendant's [P]etition to [O]pen [C]onfessed [J]udgment should be denied. Defendant's [Petition] to [O]pen [C]onfessed [J]udgment appeared to request, in the alternative, [that] the [C]ourt strike the confessed judgment. Defendant's [Petition] does not address striking the confessed judgment. 'A petition to [s]trike a [confessed] judgment operates as a demurrer to the record and may only be granted when an apparent defect on the face of the record exists.' Republic [First Bank v. Marke], 2013

8

WL 2993087 at *5. No defect on the face of the record exists. Accordingly, to the extent [that] [D]efendant seeks to strike the confessed judgment, [D]efendant's [Petition] should be denied." (Plaintiff's Memorandum of Law in Support of Response in Opposition to [Defendant's] Petition to Open Confessed Judgment, pp. 3-9).

### I. Appeal from the Order Dated February 14, 2018 Overruling the Defendant's Preliminary Objections to the Plaintiff's Petition for Charging Order
### PA Superior Court Docketing Number 784 EDA 2018

On November 3, 2017, and after the denial of Defendant's Emergency Motion for Stay of Execution by an Order issued on April 4, 2017 by the Honorable Spiros E. Angelos of this court, the Plaintiff filed a Petition for Charging Order Against Defendant's interests in Narberth Investment Associates, LLC and Narberth Investment Group, L.P. in accordance with the provisions set forth in Sections 8673[2] and 8853[3], respectively, of Pennsylvania's newly

---

[2]    "15 Pa.C.S.A. § 8673. Charging order under Pennsylvania's Uniform Partnership Act of 2016, 15 Pa.C.S.A. § 8411, *et seq.*

(a) General rule.--On application by a judgment creditor of a partner or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited partnership to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.

(b) Available relief.--To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a), the court may:
(1) appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and
(2) make all other orders necessary to give effect to the charging order.

(c) Foreclosure.--Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest. The purchaser at the foreclosure sale obtains only the transferable interest, does not thereby become a partner and is subject to section 8672 (relating to transfer of transferable interest).

(d) Satisfaction of judgment.--At any time before foreclosure under subsection (c), the partner or transferee whose transferable interest is subject to a charging order under subsection (a) may extinguish the charging order by satisfying the judgment and filing a certified copy of the satisfaction with the court that issued the charging order.

(e) Purchase of rights.--At any time before foreclosure under subsection (c), a limited partnership or one or more partners whose transferable interests are not subject to the charging order may pay to the judgment creditor the full amount due under the judgment and thereby succeed to the rights of the judgment creditor, including the charging order.

(f) Exemption laws preserved.--This chapter shall not deprive any partner or transferee of the benefit of any exemption law applicable to the transferable interest of the partner or transferee. *Id.*

(g) Exclusive remedy.--This section provides the exclusive remedy by which a person seeking, in the capacity of a judgment creditor, to enforce a judgment against a partner or transferee may satisfy the judgment from the judgment debtor's transferable interest. *Id.*

[3]    15 Pa.C.S.A. § 8853. Charging order under Pennsylvania's Limited Liability Partnership Law, 15 Pa.C.S.A. § 8201, *et seq.* [Noting here that the Plaintiff mistakenly cites to this section as "§ 8854" that deals instead with "Power of personal representative of deceased member."]

(a) General rule.--On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. Except as provided in subsection (f), a charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.

9

amended Uniform Partnership Act, 15 Pa.C.S.A. § 8411, *et seq.* and Limited Liability Partnership Law, 15 Pa.C.S.A. § 8201, *et seq.*, both of which became effective on February 21, 2017. The Plaintiff alleged that Narberth Investment Associates, LLC, hereinafter referred to as "Narberth LLC," in which the Defendant is the sole member, is a business entity created on or about May 16, 2008, and is the general partner of Narberth Investment Group, L.P., in which it has a .5% ownership interest. (*Id.*, Paragraphs 3-4). Plaintiff averred that Narberth Investment Group, L.P., hereinafter referred to as "Narberth L.P.," was also created on or about May 16, 2008, that the Plaintiff is a limited partner in Narberth L.P. with a 50% ownership interest therein and that Defendant is a limited partner in Narberth L.P. with a 49.5% ownership interest therein. (Id., Paragraphs 4-8; Copies of the certificates for both organizations are appended to the Charging Order Petition as Exhibits A and B, respectively).

---

(b) Available relief.--To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subsection (a), the court may:

(1) appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and

(2) make all other orders necessary to give effect to the charging order.

(c) Foreclosure.--Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest. Except as provided in subsection (f), the purchaser at the foreclosure sale only obtains the transferable interest, does not thereby become a member, and is subject to section 8852 (relating to transfer of transferable interest).

(d) Satisfaction of judgment.--At any time before foreclosure under subsection (c), the member or transferee whose transferable interest is subject to a charging order under subsection (a) may extinguish the charging order by satisfying the judgment and filing a certified copy of the satisfaction with the court that issued the charging order.

(e) Purchase of rights.--At any time before foreclosure under subsection (c), a limited liability company or one or more members whose transferable interests are not subject to the charging order may pay to the judgment creditor the full amount due under the judgment and thereby succeed to the rights of the judgment creditor, including the charging order.

(f) Foreclosure against sole member.--If a court orders foreclosure of a charging order lien against the sole member of a limited liability company:
    (1) the court shall confirm the sale;
    (2) the purchaser at the sale obtains the member's entire interest, not only the member's transferable interest;
    (3) the purchaser thereby becomes a member; and
    (4) the person whose interest was subject to the foreclosed charging order is dissociated as a member.

(g) Exemption laws preserved.--This chapter shall not deprive any member or transferee of the benefit of any exemption laws applicable to the transferable interest of the member or transferee.

(h) Exclusive remedy.--This section provides the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest." *Id.*

The Plaintiff contended that "Narberth L.P. is the legal owner of property located at 503, 505, 507, 509 Conway Avenue, Narberth, PA 19072" for which the Defendant alleges certain "obligations owing to him as a result of work" for these properties. Plaintiff's Petition for Charging Order, Paragraphs 13-14). The Plaintiff averred that, "under Pennsylvania's recently amended Limited Liability Company Law effective February 21, 2017, a judgment creditor of a member is entitled to a charging order against the relevant transferable interest which entitles the judgment creditor to whatever distributions would otherwise be due to the member or transferee whose interest is subject to the order. [15 Pa.C.S.A. § 8853(a)]." (*Id.*, Paragraph 15). The Plaintiff contended that, "[a] charging order becomes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over any distribution that otherwise would be paid to the judgment debtor. See [§ 8853(a)]." (*Id.*, Paragraph 16). The Plaintiff further asserted that the Limited Liability Company Law provides the Court with the power to appoint a receiver of the distributions subject to the charging order, "with the power to make all inquiries the judgment debtor might have made; and to make all other orders necessary to give effect to the charging order. See 15 Pa.C.S.A. § 8853(b)." (*Id.*, Paragraph 17). According to the Plaintiff, in accordance with 15 Pa.C.S.A. [§ 8853], and <u>Zokaites v. Pittsburgh Irish Pubs, LLC</u>, 962 A.2d 1220 (Pa. Super. 2008)[4], the Defendant's sole interest in Narberth Investment Associates, LLC is subject to a charging order to satisfy this confessed judgment, and Plaintiff, as judgment creditor, is entitled to a charging order directing this business entity to pay over to Plaintiff any and all distributions or return of contributions that would otherwise be paid to Defendant until the judgment is fully paid and satisfied. (*Id.*, Paragraphs 18-19).

---

[4] But *c.f.*, <u>Macharg v. Macharg</u>, 151 A.3d 187, 191-195 (Pa. Super. 2016) that declined to accept Zokaites' holding that it was impermissible to transfer a member's individual partnership interest pursuant to a charging order absent the permission of all of the partners.

11

In like manner, the Plaintiff contended entitlement to a charging order allowing for the Defendant's distributions or return of contributions from Narberth Investment Group, L.P., to be transferred to him under the newly amended Pennsylvania Limited Partnership Law, 15 Pa.C.S.A. § 8673, in order to satisfy this confessed judgment. (*Id.*, Paragraphs 20-23). Finally, the Plaintiff averred that the Defendant is believed to be the sole shareholder of Prescott Homes, Inc., and "[g]iven that Defendant's interests in [the] business entities as set forth herein are subject to seizure, Defendant must be enjoined from transferring, assigning, selling, gifting or otherwise diluting his ownership, stock or membership interest in those entities until the Judgment has been satisfied, or upon further Order of this Court." (*Id.*, Paragraphs 24-25).

The Defendant submitted, on November 21, 2017, or year and a half after the within confessed judgment was filed, a Preliminary Objection to Plaintiff's Petition for Charging Order claiming that Narberth LLC was a necessary and indispensable party to this action and its absence requires dismissal of this Petition, citing to Pennsylvania Rules of Civil Procedure 1028(a)(5)("nonjoinder of a necessary party is a ground upon which to file a preliminary objection) and 2227(a), requiring that "the joinder of Narberth LLC in the Petition was compulsory." (*Id.*, Paragraphs 7-9). The Defendant cited to Mechanicsburg Area School District v. Kline, 494 Pa. 476, 431 A.2d 953 (1981) for the proposition that "the indispensable party rule requires that a court should not adjudicate a case if an absentee was so closely related to the matters in dispute that further litigation would probably be required to protect the defendant." (*Id.*, Paragraphs 10-12). The Defendant further grounded its claim for relief on an assertion that requiring Narberth LLC to pay this judgment would be in violation of its right to due process. (*Id.*, Paragraph 13). Defendant additionally insisted that this Court lacks jurisdiction to hear the charging order petition because an indispensable party had not been joined in this action. (*Id.*,

12

Paragraph 14). Further, the Defendant contended that Plaintiff omitted a reason for the omission of Narberth LLC as a party to this action in the Petition, that Plaintiff took no steps to serve or join Narberth LLC in this action, that Narberth LLC is a general partner of Narberth L.P. and as such, makes decisions and should have been joined by the Plaintiff in order to protect its rights. (*Id.*., Paragraphs 15-18).

The Plaintiff proffered the following legal argument in refutation of the contentions submitted by the Defendant in his Preliminary Objection to the Petition for Charging Order:

"A charging order 'constitutes a lien on a judgment debtor's transferable interest' and requires the limited liability company or limited partnership 'to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.' 15 Pa.C.S.A. § 8853(a); 15 Pa.C.S.[A.] § 8673. A charging order does not entitle a judgment creditor to any management or control of a limited liability company or limited partnership, and does not permit the judgment creditor to demand or alter a distribution scheduled. [*Id.*]. A charging order attaches only to an individual's economic and membership interests. Nat'l Asset Loan Mgmt. v. McCann, 2014 Phila. Ct. Com. Pl., LEXIS 547, *2 n 1 (C.C.P. Phila. Oct. 21, 2014), *aff'd*, 133 A.3d 63, (Pa. Super. Unpub. LEXIS 3200 (Pa. Super. Sept. 3, 2015)(citing 15 Pa. C.S. §8563; 15 Pa.C.S.A. § 8924(a); Zokaites v. Pittsburgh Irish Pubs, LLC, 962 A.2d 1220, 1226 (Pa. Super. 2008)); [Nat'l Asset Loan Mgmt. v. McCann, 2015 WL 6666227, *6 (Pa. Super. 2015)(Non-precedential Memorandum Opinion filed September 3, 2015) (Because the McCann entities "are not directly affected by this order," they are not "necessary and indispensable parties" to this order.)].

Defendant has not identified any basis for the Court to dismiss [P]laintiff's [P]etition for [C]harging [O]rder. The request for a charging order does not render Narberth LLC a necessary or indispensable party. Entry of a charging order would not directly affect Narberth LLC. A charging order would require Narberth LLC to pay to [P]laintiff any distribution that would otherwise be paid to [D]efendant. 15 Pa. C.S.A. §8853(a); 15 Pa.C.S.A. § 8673. A charging order would not compel Narberth LLC to make any payments that were not otherwise owed or affect the management of Narberth LLC. Only [D]efendant's economic and membership interests would be impacted by a charging order, and Narberth LLC would not be directly affected by a charging order. Narberth LLC is not a necessary or indispensable party to this action.

Defendant has not identified a basis to dismiss [P]laintiff's [P]etition for [C]harging [O]rder. Defendant can assert his contentions about the validity of 15 Pa. C.S.[A.] § 8853 and 15 Pa.C.S.[A.] § 8673 in response to [P]laintiff's [P]etition for [C]harging [O]rder. Accordingly, [D]efendant's preliminary objection[] to [P]laintiff's [P]etition for [C]harging [O]rder should be overruled." (Plaintiff's Response in

13

Opposition to the Defendant's Preliminary Objection to Petition for Charging Order, pp. 5-6)(Footnote omitted).

Clearly, the Defendant has sought to inflict procedural court rules governing the pleading of a cause of action and a response thereto onto a statutory provision allowing for a charging order to aid in the execution upon a confessed judgment. See: Pennsylvania Rules of Civil Procedure 1028(a) and 3118; 15 Pa.C.S.A. § 8853(a); 15 Pa.C.S.A. § 8673(a), *supra*. There is no such requirement in the applicable statutes for the presence of a necessary party to be subject to execution by charging order, only that there be a judgment and that the Defendant be a member of the organization against which a levy against his interest therein may be permitted by the Court. 15 Pa.C.S.A. § 8853(a); 15 Pa.C.S.A. § 8673(a), *supra.*

Moreover, the Pennsylvania Superior Court in Macharg v. Macharg, *supra*, 151 A.3d at 193-194, wrote, while noting that "[i]t is the public policy of Pennsylvania "that debtors should pay their debts," under Gulf Mortg. & Realty Investments v. Alten, 422 A.2d 1090, 1097 (Pa. Super. 1980), that "Pennsylvania case law makes it clear that "a charging order is discretionary with the court [and the] ... exercise of this discretion has been said to be 'equitable' after a full inquiry into the facts." *Id*. The Macharg court went on to state that: "[w]hile the court recognizes the ultimate right of a creditor to recover the whole amount from any one joint obligor, an appeal for an equitable procedure for recovery must produce equitable results," citing to Shor v. Miller's Flower Shop, 84 Pa. D. & C. 164, 165 (Philadelphia County 1953)(citing to Northampton Brewery Corp. v. Lande, 138 Pa. Super. 235, 10 A.2d 583 (1940)). *Id*. In short, the Defendant has presented a position and legal argument totally alien from this context, and thus has not met his burden of presenting an objection to the Plaintiff's Petition for Charging Order that is cognizable under the law.

The following appealed from Order was subsequently entered by this Court:

14

## "ORDER

AND NOW, this 14th day of February, 2018, upon consideration of Defendant's, Domenic Falcone, Jr., Preliminary Objection to Plaintiff's Petition for Charging Order, and Plaintiff's, Domenic Falcone, Sr., Response in Opposition thereto, it is hereby ORDERED and DECREED that the said Preliminary Objections will be, and hereby are, OVERRULED.

BY THE COURT:
CHARLES B. BURR, II    S.J."

On the same date as the issuance of the foregoing appealed from Order that overruled the Defendant's Preliminary Objection to the Plaintiff's Petition for Charging Order, the Court issued additional Orders denying the Defendant's Emergency Motion for Stay of Execution, as well as the following Charging Order:

## "ORDER

AND NOW, this 14th day of February, 2018, upon consideration of Plaintiff's Petition for Charging Order Against Defendant Domenic Falcone, Jr.'s Interests in Narberth Investment Associates, LLC, And Narberth Investment Group, L.P., and any response filed by Defendant, it is hereby ORDERED that said Petition is GRANTED.

IT IS FURTHER ORDERED as follows:

1. Defendant's membership interest in Narberth Investment Associates, LLC, is hereby charged with payment of the unsatisfied amount of the Judgment, interests, and costs until satisfied in full;

2. Defendant's interest in Narberth Investment Group, L.P., is hereby charged with payment of the unsatisfied amount of the Judgment, interests, and costs until satisfied in full;

3. Any and all distributions, returns of contributions, and/or outstanding valid obligations to which Defendant is entitled shall be paid by Narberth Investment Associates, LLC and/or Narberth Investment Group, L.P., directly to Plaintiff.

4. Defendant shall provide Plaintiff with detailed information concerning any and all corporations, partnerships, limited liability companies, or other business entities in which he holds an interest including Prescott Homes, Inc., within 30 days of the date of this Order.

15

5. Further, Defendant is hereby enjoined from transferring, assigning, selling, gifting, or otherwise diluting his ownership, stock, or membership interests in any corporation, partnership, limited liability company, or other business entities, until Judgment has been satisfied, or upon further Order of this Court.

BY THE COURT:

/s/CHARLES B. BURR, II    S.J."

The Defendant has submitted the following Concise Statement of Errors Complained of on Appeal from the Order overruling his Preliminary Objection to Plaintiff's Petition for Charging Order:

> "1. The Court abused its discretion and committed errors of law in granting the Charging Order Petition before the [Defendant] filed an answer to 'state the material facts which constitute the defense of the petition as required under the Pennsylvania Rules of [Civil] Procedure.
>
> 2. The Court abused its discretion and/or committed errors of law in granting the Charging Order Petition without first providing an opportunity for the [Defendant] to plead over and/or otherwise provide an answer to the Petition within 20 days of the objections being overruled, as required under Pennsylvania Rules of [Civil] Procedure.
>
> 3. The Court abused its discretion and/or committed errors of law in issuing the Order dated February 14, 2018 overruling the preliminary objections because the [Plaintiff] failed to include the General Partners as an indispensable party.
>
> 4. The Court abused its discretion and/or committed errors of law in granting the Charging Order Petition because the Petition was never adjudicated on the merits to determine if circumstances were present under which a charging order 'may' be issued pursuant to 15 Pa. Cons. Stat. Ann. §§ 8673 [and] 8853 to attach the transferable interests of the judgment defense." (*Id.*, pp. 1-2).

### Waiver of Issues

The Defendant contends that: (a) the Court abused its discretion and committed errors of law in granting the Charging Order Petition before the Defendant filed an answer to 'state the material facts which constitute the defense of the petition'; (b) the Court abused its discretion and/or committed errors of law in granting the Charging Order Petition without first

16

providing an opportunity for the Defendant to plead over and/or otherwise provide an answer to the Petition within 20 days of the objections being overruled; and (c) the Court abused its discretion and/or committed errors of law in granting the Charging Order Petition because "the Petition was never adjudicated on the merits to determine if circumstances were present under which a charging order 'may' be issued pursuant to 15 Pa. Cons. Stat. Ann. §§ 8673 and 8853 to attach the transferable interests of the judgment defense." (Concise Statement, Paragraphs 1, 2 and 4). However, while the instant appeal is from the Order overruling the Defendant's Preliminary Objection to the Plaintiff's Petition for Charging Order and not from the granting of the Charging Order itself, the Defendant is attempting to shoehorn issues emanating from the latter into an appeal from the former. These issues must, perforce, be deemed waived.

Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pennsylvania Rule of Appellate Procedure 302(a); Schmidt v. Boardman Co., 608 Pa. 327, 11 A.3d 924 (2011); Estate of Fridenberg, 982 A.2d 68 (Pa. Super. 2009)(issues not raised before the trial court, nor properly preserved for appeal are waived). Claims that were never raised prior to the filing of a Concise Statement of Rulings and Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) are waived. Pennsylvania Rule of Appellate Procedure 302 (a); Dilliplaine v. Lehigh Valley Trust Company, 457 Pa. 255, 322 A.2d 114 (1974); Irwin Union National Bank and Trust Co. v. Famous, 4 A.3d 1099 (Pa. Super. 2010), *app. den.*, 20 A.3d 1212 (Pa. 2011); Moranko v. Downs Racing, LP, 118 A.3d 1111, 1115 (Pa. Super. 2015).

Hence, the issues raised by the Defendant in Paragraphs 1, 2 and 4 of the Concise Statement require no further discussion in this Opinion.

17

## Discussion

The Defendant's only viable claim that this Court "abused its discretion and/or committed errors of law in issuing the Order dated February 14, 2018 overruling the preliminary objections because the Plaintiff failed to include the so called 'General Partners' as an indispensable party" fares no better. (Concise Statement, Paragraph 3). It is beyond obvious that this action, filed over a year and a half ago, was brought by the Plaintiff for the purpose of confessing judgment solely against the Defendant for the Defendant's sole breach of a promise to repay a loan commitment to his father. The Plaintiff could not sue companies that could not breach that obligation because they were not signatories or guarantors of this Promissory Note obligation that executed a waiver of confession of judgment against them. The Defendant does, however, possess an interest therein, the distributions from which could be tapped for repaying that obligation under the "Charging Order" provisions of the Limited Liability Partnership and Partnership Laws of this Commonwealth when circumstances, as here, allow for execution thereupon. Therefore, because these entities are not directly affected by the requirements of the Charging Order, they cannot be deemed "parties" to this law suit, whether indispensable or not. Pennsylvania Rules of Civil Procedure 1028(a) and 3118; 15 Pa.C.S.A. § 8853(a); 15 Pa.C.S.A. § 8673(a), *supra*; Macharg v. Macharg, *supra*; Zokaites v. Pittsburgh Irish Pubs, LLC, *supra*; Nat'l Asset Loan Mgmt. v. McCann, *supra*.[5]

---

[5] The Superior Court observed and noted in its Macharg opinion filed on November 16, 2016 and holding that a charging order and judicial sale of the plaintiff's former husband's interests in garnishee businesses was warranted, that "[t]here is a dearth of case law in Pennsylvania concerning application of these statutes, and none of the decisions addresses the issue presented in the instant appeal [*i.e*. whether the Plaintiff could achieve a judicial sale of the defendant's interest in the companies]" and provided the following listing thereof in footnote 2:

"The published opinions addressing 15 Pa.C.S. § 8345 (general partnerships) are, in chronological order: *Frankil v. Frankil*, 15 Pa. D. & C. 103 (Philadelphia County 1931) (holding that the statute gives the court authority to order the sheriff to sell the charged interest of a partner); *Northhampton Brewery Corp. v. Lande*, 138 Pa.Super. 235, 10 A.2d 583 (1940) (affirming trial court order granting a request to charge the interest of a partner upon determination that the debtor was in fact a partner); *Shor v. Miller's Flower Shop*, 84 Pa. D. & C. 164 (Philadelphia County 1953) (declining to grant a charging order against the interest of one joint obligor's interest in a partnership where the creditor had not shown inability to obtain satisfaction of the judgment by executing on assets owned by both joint debtors); *Shirk v. Caterbone*, 201 Pa.Super.

18

Finally, and although the Petition for Charging Order and the Defendant's Preliminary Objection thereto are not pleadings as commonly understood under the law, the Defendant set forth largely barebones, vague and boilerplate contentions that joinder of "Narberth LLC" [sic] as an indispensable party was necessary in order to protect its due process rights. In deciding preliminary objections, the standard remains as follows:

> "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections."

Feingold v. Hendrzak, 15 A.3d 937, 941 (Pa. Super. 2011)(quotations and citations omitted).

Further, in the context of a court's disposition of a Charging Order, Pennsylvania case law deems the mechanism "discretionary with the court" with exercise thereof deemed to be "'equitable' after a full inquiry into the facts." Macharg v. Macharg, *supra*, 151 A.3d at 193-194. A full inquiry into the facts of this case from its relatively voluminous record elicits that the Defendant has fully admitted that he knowingly assumed the obligation of this Promissory Note and signed the Affidavit waiving his rights to dispute confession of judgment in the event of default. (See Plaintiff's Response in Opposition to Defendant's Motion for Recusal of J. Angelos – Exhibit B – Sworn Deposition Transcript of the Defendant, Domenic Falcone, Jr., 4/21/17 N.T. 5-132, *passim*). It is thus clear that the Plaintiff would be able to establish his

---

544, 193 A.2d 664 (1963) (holding that creditor of individual partner "can be paid only out of what remains to the individual partner as his share of the profits after the partnership obligations, including those of any judgement creditor of the partnership have been satisfied"). The only published opinion that discusses 15 Pa.C.S. § 8563 (limited partnerships) is *Zokaites v. Pittsburgh Irish Pubs, LLC*, 962 A.2d 1220 (Pa. Super. 2008), which mentions both statutes in considering an appeal from the denial of a motion to compel sale of a debtor's interest in a limited liability company governed by different statutes altogether." Macharg v. Macharg, *supra*, 151 A.3d 187 at 191 and fn. 1.

19

rights to relief from the Defendant and that dismissal of the Plaintiff's Petition for Charging Order would have been wholly unwarranted.

An appellant bears the burden of establishing entitlement to relief by showing that a trial court's ruling is erroneous under the evidence and the law. Korn v. Epstein, 727 A.2d 1130, 1135 (Pa. Super. 1999). Barebones assertions and argument not appropriately developed by citation to relevant and apposite authority are waived. Slappo v. J's Development Associates, Inc., 791 A.2d 409 (Pa. Super. 2002). Here again, the Defendant's boilerplate contentions expressed as a Preliminary Objection to the Plaintiff's Petition for Charging Order did not meet the requisite burden of showing that the Charging Order should not issue.

## Conclusion

For all of the foregoing reasons, there was no error nor discretionary abuse in this Court's overruling of the Defendant's Preliminary Objection to the Plaintiff's Petition for Charging Order and this Order must not be reversed on appeal.

## II. Appeal from the Order Dated February 16, 2018 Denying the Defendant's Petition to Open Judgment
### PA Superior Court Docketing Number 791 EDA 2018

The following Order of this Court denied the Defendant's Petition to Open Confessed Judgment:

## "ORDER

AND NOW, this 16th day of February, 2018, upon consideration of Defendant's, Domenic Falcone, Jr., Petition to Open Confessed Judgment, and Plaintiff's, Domenic Falcone, Sr., Response in Opposition thereto, as well as the Memoranda of Law submitted in support thereof, it is hereby ORDERED and DECREED that the said Petition will be, and hereby is, **DENIED.**

BY THE COURT:
CHARLES B. BURR, II          S.J."

20

The Defendant has submitted the following Concise Statement of Errors Complained of on Appeal:

"1. The Court abused its discretion and/or committed errors of law in denying the Petition to open the confessed judgment without first proceeding with the scheduled hearing on whether the waivers for the confessed judgment were provided voluntarily, knowingly and intelligently.

2. It was a violation of [Defendant's] due process rights to allow the confessed judgment to enter when issues were raised as to whether [Defendant] voluntarily, knowingly and intelligently provided the waivers required for a proper confessed judgment.

3. The Court abused its discretion and/or committed errors of law in denying the Petition to open the confessed judgment without first proceeding with the scheduled hearing on the six meritorious defenses raised in the Petition after nearly one year of discovery on these issues.

4. The Court abused its discretion and/or committed errors of law in denying the Petition [to Open Confessed Judgment] and allowing the confessed judgment to enter because [the] balance owed to the Plaintiff was incorrect and disputed.

5. The Court abused its discretion and/or committed errors of law in denying the Petition [to Open Confessed Judgment] and allowing the confessed judgment to enter because no 'Event of Default' occurred to trigger Plaintiff's right to file the confessed judgment.

6. The Court abused its discretion and/or committed errors of law in denying the Petition [to Open Confessed Judgment] and allowing the confessed judgment to enter because Plaintiff failed to meet its burden of proving that the waivers from [Defendant] were provided voluntarily, knowingly and intelligently, that the judgment balance owed was the correct amount[], and that an 'Event of Default' occurred.

7. The Court abused its discretion and/or committed errors of law in allowing the confessed judgment to enter because the underlying promissory note and confessed judgment were ambiguous.

8. The Court abused its discretion and/or committed errors of law in denying the Petition [to Open Confessed Judgment] and allowing the confessed judgment to enter [where] the lender's attorney represent[ed] both the lender, and also the [Defendant]-borrower[] for this transaction without obtaining any informed consent and conflict waivers from [Defendant]." (*Id.*, pp. 1-3).

21

## Waiver of Issues

The Defendant's eighth issue listed above raises a contention that this Court abused its discretion and/or committed errors of law in denying the Petition to Open Confessed Judgment and allowing the confessed judgment to enter where the lender's attorney represented both the lender, and also the Defendant-borrower for this transaction without obtaining any informed consent and conflict waivers from Defendant. (Concise Statement, Paragraph 8). However, this issue was not presented to this Court before the Order denying the Defendant's Petition to Open Judgment was filed and is therefore deemed waived. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal, Pennsylvania Rule of Appellate Procedure 302(a); Dilliplaine v. Lehigh Valley Trust Co., *supra*; Moranko v. Downs Racing, LP, *supra*.

## Discussion

### (1) Failure to Hold Hearing on Defendant's Petition to Open Judgment

In order to prevail on a Petition to Open Judgment, a petitioner is required to: (1) respond promptly to the entry of judgment, (2) allege a meritorious defense, and (3) present evidence sufficient to allow the submission of that defense to a jury. Lambakis v. Exar, 340 Pa. Super. 483, 490 A.2d 882 (1985). The evidence produced must be clear, direct, precise, believable and credible. Stahl Oil Company, Inc. v. Helsel, 860 A.2d 508, 512 (Pa. Super. 2004), *app. den.*, 885 A.2d 43 (Pa. 2005). Germantown Savings Bank v. Talacki, 441 Pa. Super. 513, 657 A.2d 1285 (1995). To raise a meritorious defense, the pleading must aver clear, specific and verified facts that would require submission of the matter to a judge or jury. Smith v. Morrell Beer Distributors, Inc., *et al.*, 29 A.3d 23 (Pa. Super. 2011)(petitioner did not establish a meritorious defense supported by verified clear, precise and specific allegations of fact, and

22

submitted only conclusions of law and challenges to plaintiff's proofs); Seeger v. First Union National Bank, 836 A.2d 163 (Pa. Super. 2003); Penn-Delco School District v. Bell Atlantic-PA, Inc.,745 A.2d 14 (Pa. Super. 1999).

Appellate review of an order denying a petition to open a confessed judgment involves analysis as to whether or not the lower court has abused its discretion. PNC Bank v. Kerr, 802 A.2d 634, 638 (Pa. Super. 2002)(a petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion). There is no issue as to the timeliness of this Petition that was filed only three weeks following the filing of the Plaintiff's Complaint in Confession of Judgment for Money, and it has been shown that this is a prayer for the opening of this Judgment and not that it be stricken. Pennsylvania Rule of Civil Procedure 2959(a)(3)(petition for relief from confessed judgment must be filed within 30 days of receipt of notice thereof). Therefore, the Defendant was bound to demonstrate a meritorious defense by clear, direct, precise, believable and credible evidence of verified facts that would require submission of the matter to a judge or jury. Stahl Oil Company, Inc. v. Helsel, *supra*; Germantown Savings Bank v. Talacki, *supra*.

It is to be recalled that the affirmative defenses raised to this position were: (1) the amount of the interest was calculated incorrectly; (2) the terms of the Note and Confession of Judgment were ambiguous; (3) confession of judgment is a draconian method that violates the laws and constitutions of the Commonwealth and United States for depriving the Defendant of a valuable interest in his property without due process of law; (4) Defendant did not voluntarily, intelligently and knowingly waive his right to a trial; (5) Plaintiff has not met his burden of establishing that an "event of default" occurred; (6) Defendant has made demand upon Plaintiff

23

in complete contradiction to the course of conduct established between the parties for eight years regarding payment to Plaintiff; and (7) Defendant intends to assert a set-off in his proposed Answer to Plaintiff's Complaint and raises specific claims that call into question the total amount claimed as due and owing in the complaint. (Defendant's Petition to Open Judgment, Paragraphs 10 through 20).

The Defendant argued in support of this Petition that the Plaintiff's demand for repayment of the Note was unreasonable and directly contradicted by the parties' usual practice of the Plaintiff to provide down payments for the purchase of properties, and of the Defendant to submit repayment thereof from profits and proceeds from their eventual sale. (Memorandum in Support of Defendant's Petition to Open Confessed Judgment, unnumbered pp. 5-6). Defendant insisted that the payment history of this Note set forth in the Complaint was evidence of this very practice. (*Id.*). The Defendant contended, in the alternative, that if Plaintiff avers that the parties did not have a customary practice among themselves for such repayment, the terms on the face of the Note are ambiguous for not establishing a payment schedule, terms of default, or date upon which the Note was due, essentially rendering the terms of the note ambiguous and extremely vague. (*Id.*). Therefore, according to the Defendant, "it would be prejudicial if the judgment was not opened and Defendant not provided an opportunity to set forth his defenses" to the confessed judgment. (*Id.*, p. 6).

The first three grounds raised in the Defendant's Concise Statement are that (a) the Court abused its discretion and/or committed errors of law (a) in denying the Petition to open the confessed judgment without first proceeding with the scheduled hearing on whether the waivers for the confessed judgment were provided voluntarily, knowingly and intelligently; (b) because it was a violation of Defendant's due process rights to allow the confessed judgment to enter

24

when issues were raised as to whether Defendant voluntarily, knowingly and intelligently provided the waivers required for a proper confessed judgment; and (c) without first proceeding with the scheduled hearing on the six meritorious defenses raised in the Petition after nearly one year of discovery on these issues. (Concise Statement, Paragraphs 1-3).

However, no hearing was required on the Defendant's Petition because it was filed under Pennsylvania Rule of Civil Procedure 2959. North Penn Consumer Discount Company v. Shultz, 378 A.2d 1275, 1277-1278 (Pa. Super. 1977). (See: Defendant's Petition to Open Confessed Judgment, Paragraph 4). Although due process rights provide an opportunity to be heard prior to an intrusion upon one's property by public or private actors with the assistance of the government, the courts of this Commonwealth have long since determined that such does not require a hearing or a trial on the merits. North Penn Consumer Discount Company v. Shultz, *supra*, 378 A.2d at 1277-1278. Moreover, the *ad damnum* statement of the Defendant's Petition sought only an Order granting the requested relief and not a hearing before the Court. (*Id.*, unnumbered p. 4; Memorandum of Law in support thereof, unnumbered p. 7).

All in all, however, it is impossible to take seriously the Defendant's insistence upon a due process deprivation of rights, inasmuch as his business involvement and sophisticated dealings in numerous real estate holdings arising from a 24 years' long business relationship with his father do not place him in a category of individuals who would be deemed incapable of understanding the wording of the instruments they were signing, including an Affidavit attesting to an intentional and voluntary waiver of due process rights. North Penn Consumer Discount Company v. Shultz, *supra*. Further, the Defendant's contentions in this regard were presented in a barebones fashion and not supported by discussion of relevant and appropriate legal authorities, nor indeed by the quantum and quality of credible evidence required. Most crucially of all, the

Defendant has given sworn deposition testimony that, indeed, he owes the money sought by this confessed judgment and was aware of the rights he was waiving (except for "defalcation") when executing the Note and Waiver of Rights in question ten years ago. (Plaintiff's Response in Opposition to Defendant's Motion for Recusal of J. Angelos – Exhibit B – Sworn Deposition Transcript of the Defendant, Domenic Falcone, Jr., 4/21/17 N.T. 16-17). Hence, and for both of the foregoing reasons, the Defendant's claims of discretionary abuse and error in not holding a hearing before denying the Defendant's Petition to Open Confessed Judgment are of no moment whatsoever. Meritless also is the Defendant's contention in Paragraph 6 of the Concise Statement that this Court wrongfully denied the Defendant's Petition to Open Confessed Judgment because Plaintiff failed to meet its burden of proving that the waivers from Defendant were provided voluntarily, knowingly and intelligently, averments that the Defendant has fallen woefully short at disproving as well.

### (2) Claims of Incorrect and Ambiguous Terms of the Promissory Notes Reflected in the Complaint in Confession of Judgment for Money

The Defendant also asserted in largely boilerplate language unsupported by the requisite quantum and quality of credible evidence that the Court abused its discretion and/or committed errors of law in denying the Petition to Open Confessed Judgment because: (a) the balance owed to the Plaintiff was incorrect and disputed; (b) no "Event of Default" occurred to trigger Plaintiff's right to file the confessed judgment; and (c) the underlying promissory note and confessed judgment were ambiguous. (Concise Statement, Paragraphs 4-7). Here again, the Defendant's asserted affirmative defenses are largely boilerplate and not sufficiently supported in the evidence so as to rise to the level of meritorious defenses necessary to open this judgment.

26

There is no credible demonstration from the Defendant that the three percent interest contended in the Complaint in Confession of Judgment for Money was incorrect nor that the terms of the underlying Note and the warrant of attorney to confess judgment were ambiguous. Indeed, the Defendant's sworn deposition testimony indicated that the only word he did not understand when reading the Note and Affidavit of Waiver of Rights was "defalcation", a synonym for a set-off of this obligation by another. (Plaintiff's Response in Opposition to Defendant's Motion for Recusal of J. Angelos – Exhibit B – Sworn Deposition Transcript of the Defendant, Domenic Falcone, Jr., 4/21/17 N.T. 16-17). The Defendant additionally opined therein that he considers this entire process to be a "total vendetta", but did not dispute that he understood when signing the Note on June 24, 2008, that he was paid $400,000 and was ultimately obligated to repay that amount plus three percent interest to the extent that it was not paid back to his father. (*Id.*, 14-15, 17). The Defendant acknowledged that he owes $100,000 plus interest on the Note, but does not know how the interest claimed in the Complaint was computed. (*Id.*, 41-42, 44).

The Defendant bitterly complained in his deposition that never before, in their 24 years' long business relationship, had the Plaintiff demanded that he repay money that Defendant owed to him. (*Id.*, 122). The Defendant testified that, although the Plaintiff had previously sought repayment of the within loan obligation on which the Defendant had tendered $300,000 by June of 2014, it wasn't in "the revengeful, spiteful way he's doing right now." (*Id.*, 123-124). The Defendant also admitted that there were anger issues between himself and his father that resulted in the Plaintiff ejecting him from an office that he had used rent free for two decades. (*Id.*, 124-125). When asked whether he could not make the payment sought *via* the Plaintiff's demand letter of April 7, 2016, the Defendant evasively replied: "Perhaps. The funds may or

27

may not be there. I'm not denying that I owe him money plus interest. He owes me money too." (*Id.*, 130). In light of his own admissions, the Defendant's current conclusory contention of ambiguities in the Note and supporting documents *sans* any identification of such specific defects throughout this litigation fails to raise a scintilla of a meritorious defense to the judgment confessed against him. Further, given his sworn deposition testimony acknowledging receipt of the demand letter two years ago and its representation of the sum that remains due and owing on this obligation plus three percent interest belies any contention by the Defendant that no "Event of Default" occurred to trigger Plaintiff's right to file the confessed judgment and that the underlying promissory note and confessed judgment were ambiguous. The Defendant repaid $300,000.00 of this loan made in 2008 by 2014, and has remitted not an additional cent during the ensuing four years with no excuse other than that the Defendant has become angered by his father's conduct in pursuing repayment of this loan obligation through the courts and is refusing to resolve this matter solely from a fit of pique.

## Conclusion

An appellant bears the burden of establishing entitlement to relief by showing that a trial court's ruling is erroneous under the evidence and the law. Korn v. Epstein, *supra*. Barebones assertions and argument not appropriately developed by citation to authority are waived. Slappos v. J's Development Associates, Inc., *supra*. Following careful review of the record and the parties' legal arguments appertaining thereto, this Court concludes that the Defendant has failed to assert any meritorious defense to the Plaintiff's Complaint in Confession of Judgment for Money. Lambakis v. Exar, *supra*; Stahl Oil Company, Inc. v. Helsel, *supra*; Germantown Savings Bank v. Talacki, *supra*. To raise a meritorious defense, the pleading must aver clear, specific and verified facts that would require submission of the matter to a judge or

28

jury. <u>Smith v. Morrell Beer Distributors, Inc., *et al.*</u>, *supra*. The evidence of record adduces that the Defendant executed the Note and its supporting documents, including a warrant of attorney and waiver of rights, without expressing a scintilla of the instant objections thereto until being finally called to account for his ongoing dereliction in retiring a loan made ten years previously. Besides being unsubstantiated in the evidence, the Defendant's contentions on appeal cannot establish proof of a meritorious defense to a judgment that was confessed against him on grounds of his own admitted default in repayment of its balance. The doctrine of unclean hands requires that one seeking equity must act fairly and without fraud or deceit as to the controversy in issue, and a court may deprive relief to a party who is guilty of such conduct. <u>Terraciano v. Dept. of Transp., Bureau of Driver Licensing</u>, 562 Pa. 60, 753 A.2d 233, 237-238 (2000).

For all of the foregoing reasons, the Defendant has failed to meet his burden of proving a valid and meritorious defense to the judgment confessed against him by means of clear, direct, precise and credible evidence that could be presentable to a jury, and the ruling denying his Petition to Open Confessed Judgment must not be disturbed on appeal.

BY THE COURT:

CHARLES B. BURR, II     S.J.

29